SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Jesse Salen (Cal. Bar No. 292043)
jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:   (858) 720-8900
Facsimile:    (858) 509-3691

Attorney for Plaintiff
BLUEPRINT STUDIOS TRENDS, INC.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUEPRINT STUDIOS TRENDS, INC., a California corporation,<br><br>                      Plaintiff,<br><br>        v.<br><br>THEONI, INC. a California corporation, and DOES 1–10, inclusive,<br><br>                      Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) PATENT INFRINGEMENT;**<br>**(2) TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. 1125(a);**<br>**(3) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**<br>**(4) COMMON LAW UNFAIR COMPETITION; AND**<br>**(5) UNFAIR COMPETITION UNDER STATE LAW.**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

Plaintiff Blueprint Studios Trends, Inc. ("Blueprint") complains and alleges as follows against Defendant Theoni Inc. ("Theoni").

## THE PARTIES

1.      Plaintiff is a California corporation, having a principal place of business at 352 South Shaw Road, South San Francisco, California 94080.

2.      Defendant Theoni is a California corporation, having a principal place of business at 938 Kaiser Road, Napa, California 94558.

3.      The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them ("the DOE Defendants"), are unknown to Blueprint at this time, who therefore sues the DOE Defendants by such fictitious names.  When the true names and capacities or participation of the DOE Defendants are ascertained, Blueprint will amend this complaint to assert the true names, identities and capacities.  Blueprint is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to Blueprint in some manner for the events and happenings alleged in this complaint.  Blueprint is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

## NATURE OF THE ACTION

4.      This is a civil action against Defendants for infringement of United States Design Patent Number D651,018 S1 ("the 'D018 Patent" or "the Asserted Patent") arising under the patent laws of the United States, Title 35 of the United States Code; for trade dress infringement and unfair competition in violation of the Lanham Act arising under 15 U.S.C. §§ 1125 *et. seq.*; for unfair competition arising under the common law of the State of California; and for violation of California's statutory unfair competition law arising under Cal. Bus. & Prof. Code §§ 17200 and 17500.

## JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction of this action under 15 U.S.C. § 1121(a) (federal question), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) and (b) (any Act of Congress relating to patents and trademarks and related unfair competition), and under the supplemental jurisdiction of this Court, as embodied in 28 U.S.C. § 1367(a).

6.     This Court has specific and general personal jurisdiction over Defendants pursuant to due process and/or the California Long Arm Statute because Defendant Theoni is incorporated in the forum, Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. §§ 271(a), (b), and (c), and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this judicial district.  Moreover, Defendants' acts, including both unfair competition and other violations of California law, caused and are causing injury to Blueprint within this judicial district.  On information and belief, Defendants derive substantial revenue from the sale of infringing products within this judicial district, expect their actions to have consequences within this judicial district, and derive substantial revenue from interstate and international commerce, including within this judicial district.

7.     Venue is proper within this judicial district under 28 U.S.C. § 1391(b) and 28 U.S.C. 1400 because Defendant Theoni resides within the district and a substantial portion of the events giving rise to the claims for relief stated in this Complaint arose in this judicial district.  Specifically, Defendants have sold or offered for sale infringing products in this district, and have committed other acts complained of *infra* within this district.  In addition, venue is proper because both Theoni's and Blueprint's principal places of business are in this district and Blueprint suffered and is suffering harm in this district.

## **BACKGROUND FACTS**

8.     Plaintiff Blueprint is a San Francisco-based company that provides event planning and customized furnishing services.  Blueprint  also designs and manufactures furniture tailored for individual tastes and various events.  Blueprint has won multiple awards and has been touted in the press for its innovative designs and ability to meet customer needs.  Customers in California, and throughout the United States, have come to recognize Blueprint for its creativity and customer service in the event planning and furnishing industry.

9.     Blueprint considers its innovative furniture designs to be a core driver of its business.  Accordingly, Blueprint has taken steps to protect its innovative designs, the chair design at the heart of the present dispute. To that end, on April 15, 2010, Blueprint filed U.S. Design Patent Application No. 29/359,832, which matured into the 'D018 Patent on December 27, 2011 (attached hereto as Exhibit A).  The 'D018 Patent claims the ornamental design of a chair with an innovative and unique backrest design.  This design is appears in representative Figure 1 from the 'D018 Patent illustrated below:



'D018 Patent, Fig. 1

-4-

10.    Blueprint has owned, and continues to own all right, title, and interest in and to the 'D018 Patent, and the innovative and distinctive chair design described therein.  Blueprint manufactures, markets, and rents chairs to customers incorporating that innovative and distinctive chair design, and has generated considerable goodwill through the distinctive appearance of those chairs.  For example, Blueprint markets and rents chairs incorporating the design claimed by the 'D018 Patent under the brand name "Infinity."  Blueprint's marks its Infinity chairs as being protected by a patent as illustrated in **Exhibit B** attached hereto.

11.    Through several years renting Infinity chairs to consumers and engaging in other related commercial activities in California and throughout the United States, consumers have come to associate the distinctive design incorporated in the Infinity chairs, together with the brand "Infinity," with Blueprint and Blueprint's innovative products and services.

12.    Defendant Theoni was founded in March of 2015 and offers a collection of décor and tabletop accessories, including votives, lanterns, candelabra, napkin rings, farm tables, and dining chairs.  Theoni offers pieces from its collection for sale or rental for events.

13.    On information and belief, Theoni's products are available for purchase, rental, and/or use throughout the United States, including in the State of California.

14.    Theoni, through its online catalog, has offered, and continues to offer for sale or rental, a "Portofino" style chair that incorporates Blueprint's ornamental design claimed by the 'D018 Patent.  Theoni's catalog describes the "Portofino" chair as "[a] wooden chair with a round back and distinctive infinity port, the Portofino chair is graceful and pairs well with bright colors and unforgettable landscapes" (the "Knock-Off Portofino chair").  (*See* Excerpts from Theoni Catalog, attached hereto as **Exhibit C**.)  The Portofino chair is "[a]vailable in white,

whitewash, walnut, black, silver and gold," with "[i]nterchangeable seat pads available in white, ivory, silver, black and gold." (*Id.*)

15.    The striking similarity between Theoni's Knock-Off Portofino chairs and the design claimed by the 'D018 Patent is clearly illustrated in Table 1 below. As illustrated, the Theoni Knock-Off Portofino chair appears to be an exact replica of the design claimed in the 'D018 Patent.

| Table 1: Comparison of '018 Patent with Infringing Chairs | |
| --- | --- |
| **'D018 Patent Claims** | **Knock-Off Portofino Chair:** |
| | |



FIG.2          FIG.3

16.     An ordinary observer will perceive the overall appearance of the designs of the chair claimed by the 'D018 Patent and the corresponding design of the Knock-Off Portofino chairs to be substantially the same.

17.     On information and believe, Theoni intentionally copied the designs covered by the 'D018 Patent in its Knock-Off Portofino chairs.

18.     On Information and belief, Theoni knew that the designs incorporated in its Knock-Off Portofino chairs were protected by the 'D018 Patent when Theoni had made, made, sold, offered for sale, rented, or used its Knock-Off Portofino chairs.

19.     On March 8, 2017, Blueprint, through its attorneys, sent Theoni a letter notifying Theoni that the design incorporated in the Knock-Off Portofino chairs was protected by Blueprint's 'D018 Patent and demanding that Theoni immediately cease and desist from having made or using the design covered by the claim of the '018 Patent ("the Cease and Desist Letter").  A copy of the Cease and Desist Letter is attached hereto as **Exhibit D**.

20.     Although Theoni's counsel acknowledged receipt of the cease and desist letter through multiple communications with Blueprint's attorneys, Theoni continued, and still continues to have made, make, sell, offer for sale, rent, or use the Knock-Off Portofino chairs, at least through its website and online catalog.

21.     Theoni's marketing through its online catalog of Knock-Off Portofino chairs incorporating a design that replicates the claims of Blueprint's patent and offered for sale or rental using the name "infinity" is likely to cause confusion among consumers as to the source of the Knock-Off Portofino chairs.

22.     On information and belief, Theoni has marketed and continues to market its Knock-Off Portofino chairs using the name "infinity" with the intention of causing confusion amongst consumers as to the source of the Knock-Off Portofino chairs, as well as to indicate an association with or endorsement by Blueprint when no such association or endorsement exists.

23.     On information and belief, consumers have actually been confused as to the origin of the Knock-Off Portofino chairs because the chairs incorporate a design that is nearly identical to Blueprint's patent protected Infinity chairs and because the Knock-Off Portofino chairs are marketed using the name "infinity."

24.     On information and belief, Blueprint has lost sales of its patent protected Infinity chairs because consumers have decided, instead, to purchase or rent the Knock-Off Portofino chairs.

## **FIRST CAUSE OF ACTION**
## **Infringement of Design Patent 'D018 Patent**

25.     Blueprint incorporates and realleges Paragraphs 1 through 24 of this Complaint.

26.     Under 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, the 'D018 Patent by making, using, selling, and/or offering to sell in the United States, and/or importing into the

United States the Knock-Off Portofino chair identified in this Complaint, which Knock-Off Portofino chair embodies the design covered by the '018 Patent.

27.     Moreover, Defendants have infringed and continue to infringe the 'D018 Patent indirectly, under 35 U.S.C. §§ 271(b) and (c), by inducing others to infringe the 'D018 Patent, and by committing acts that constitute contributory infringement of the 'D018 Patent.

28.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D018 Patent.

29.     On information and belief, Blueprint has sustained damages as a direct and proximate result of Defendants' infringement of the 'D018 Patent, and, as such, Blueprint is entitled to damages pursuant to 35 U.S.C. §§ 284 and/or 289.

30.     Moreover, Blueprint is informed and believes that Defendants' infringement of the 'D018 Patent is and has been willful.  On information and belief, Defendants have acted and continue to act with objective recklessness by proceeding despite an objectively high likelihood that their actions constitute infringement of Blueprint's valid patent, and Defendants are aware of Blueprint's 'D018 Patent, and know of the high likelihood that the claim of the 'D018 Patent covers Defendants' products.

31.     This is an exceptional case warranting an award of treble damages to Blueprint under 35 U.S.C. § 284, and an award of attorneys' fees under 35 U.S.C. § 285.

32.     On information and belief, Blueprint will suffer and is suffering irreparable harm from Defendants' infringement of the 'D018 Patent.  Blueprint has no adequate remedy at law and is, under 35 U.S.C. § 283, entitled to an injunction against Defendants' continuing infringement of the 'D018 Patent.  Unless enjoined, Defendants will continue their infringing conduct.

## SECOND CAUSE OF ACTION

## Trade Dress Infringement, 15 U.S.C. §1125(a)(3)

33.     Blueprint incorporates and realleges Paragraphs 1 through 32 of this Complaint.

34.     Blueprint's trade dress consists of the following elements as actually used on the Infinty products:  a backrest incorporating a curved member disposed within an oval-shaped member, as illustrated in the claim of the 'D018 Patent. These elements have consistently been marketed under the trade name "Infinity" and have generated goodwill and consumer recognition accruing to Blueprint's business.

35.     Blueprint's trade dress has acquired a secondary meaning.  Blueprint has been marketing, selling, or renting the Infinity chair with its distinctive trade dress since December, 2011.

36.     Blueprint is informed and believes, and thereon alleges, that Theoni has been designing, making, having made, marketing, offering for sale, selling, and renting products that incorporate Blueprint's Infinity trade dress.

37.     Theoni is not now, and never has been, authorized by Blueprint to use Infinity's trade dress or any confusingly similar trade dress in connection with the marketing and/or sale of Theoni's infringing Knock-Off Portofino chair.

38.     Theoni's marketing, renting, and sale of infringing Knock-Off Portofino chair is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Blueprint's Infinity chairs.

39.     Blueprint has suffered actual damages from Theoni's conduct in an amount to be proven at trial.

40.     Theoni has received wrongful gains from its conduct in an amount to be proven at trial.

41.     Blueprint is informed and believes, and thereon alleges that, unless restrained by the Court, Theoni will continue to infringe Blueprint's Infinity trade

dress, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Blueprint adequate relief for the damage to its trade dress in the public perception.  Further, Blueprint is informed and believes, and thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Theoni's goods.

42.     Blueprint is informed and believes, and thereon alleges, that Theoni's acts were committed, and continue to be committed, with actual notice of Blueprint's exclusive rights and with intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Blueprint and its Infinity chairs.  Pursuant to 15 U.S.C. §1117, Blueprint is therefore entitled to recover three times its actual damages or three times Theoni's profits, whichever is greater, together with Blueprint's attorneys' fees.  In addition, pursuant to 15 U.S.C. §1118, Blueprint is entitled to an order requiring destruction of all infringing products and promotional materials in Theoni's possession.

## THIRD CAUSE OF ACTION

## Unfair Competition Under 15 U.S.C. § 1125(a)

43.     Blueprint incorporates and realleges Paragraphs 1 through 42 of this Complaint.

44.     The acts of Theoni complained of above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin, sponsorship, or approval of Theoni's and Blueprint's goods. Moreover, the acts of Theoni complained of above misrepresent the nature, characteristics, or qualities of Theoni's and Blueprint's goods.  These acts thus constitute false designation of origin and/or affiliation, false or misleading description of fact, or false or misleading representation of fact, in violation of 15 U.S.C. §1125(a).

45.     Blueprint is informed and believes that Theoni's acts include, for example, offering Theoni's Knock-Off Portofino chairs for sale or rent and piggybacking off Blueprint's goodwill, not only by copying the distinctive designs and appearances of Blueprint's Infinity chairs, but also by retaining the Blueprint's distinctive "infinity" brand to identify the design incorporated in the backrest of the Knock-Off Portofino chairs.

46.     Blueprint has suffered actual damages from Theoni's conduct in an amount to be proven at trial.

47.     Theoni has received wrongful gains from its conduct in an amount to be proven at trial.

48.     Blueprint is informed and believes, and thereon alleges that, unless restrained by the Court, Theoni will continue to designate falsely the origin of its goods, causing irreparable damage to Blueprint and engendering a multiplicity of lawsuits.  Pecuniary compensation will not afford Blueprint adequate relief for its resulting damages.  Further, Blueprint is informed and believes, and thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Theoni's goods.

49.     Blueprint is informed and believes, and thereon alleges, that Theoni's acts were committed, and continue to be committed, with actual notice of Blueprint's exclusive rights and with intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Blueprint and its Infinity chairs.  Pursuant to 15 U.S.C. §1117, Blueprint is therefore entitled to recover three times its actual damages or three times Theoni's profits, whichever is greater, together with Blueprint's attorneys' fees.  In addition, pursuant to 15 U.S.C. §1118, Blueprint is entitled to an order requiring destruction of all infringing products and promotional materials in Theoni's possession.

## FOURTH CAUSE OF ACTION
### Common Law Unfair Competition

50.     Blueprint incorporates and realleges Paragraphs 1 through 49 of this Complaint.

51.     The acts of Theoni complained of above constitute unfair competition under the common law of the State of California.  Blueprint expended significant time and resources in the goodwill associated with its Infinity chairs.  On information and belief, Theoni copied those products, including their distinctive designs, and is trading off that goodwill at relatively little to no engineering or design expense and without Blueprint's authorization.  Blueprint has suffered harm as a result—including, for example, lost sales and customer confusion.

52.     Blueprint is informed and believes that further examples of Theoni's acts of unfair competition include sales of confusingly similar Theoni products.

53.     Blueprint has suffered actual damages from Theoni's conduct in an amount to be proven at trial.

54.     Theoni has received wrongful gains from its conduct in an amount to be proven at trial.

55.     Theoni's acts complained of above were committed with fraud, malice, and oppression as those terms are defined in Cal. Civ. Code § 3294.  Theoni's actions were intended to cause harm to Blueprint, and Theoni carried on its conduct with a willful and conscious disregard for Blueprint's rights.  Theoni intentionally misrepresented, deceived, and/or concealed its conduct and Blueprint's relationship with the Infinity chair, thereby depriving Blueprint of its legal rights and causing Blueprint injury.

## FIFTH CAUSE OF ACTION
### Statutory Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 & 17500

56.     Blueprint incorporates and realleges Paragraphs 1 through 55 of this Complaint.

57.     Theoni's acts complained of above constitute unlawful, unfair, or fraudulent business practices, and deceptive, untrue, or misleading advertising in violation of California statutory law, including violation of Cal. Bus. & Prof. Code §§ 17200 and 17500, all to Blueprint's injury.  Moreover, the above-described acts constitute unfair competition under 15 U.S.C. § 1125(a), and are therefore unlawful acts in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500.

58.     As a direct and proximate result of Theoni's acts, Theoni has received profits from, and will continue to profit from, wrongfully trading on Blueprint's goodwill.

59.     Blueprint is entitled to an injunction restraining Theoni and its officers, against, and employees, and all persons acting in concert or participation with them, from further engaging in any such acts of unfair competition as alleged above. Blueprint has no adequate remedy at law for Theoni's continuing violation of Blueprint's rights.

60.     Blueprint is further entitled to recover from Theoni the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by Theoni as a result of Theoni's acts of unfair competition alleged above.  At present, Blueprint cannot fully ascertain the amount of such damages, gains, profits, and advantages.  Theoni should be required to fully restore to Blueprint any and all profits earned as a result of Theoni's unlawful and fraudulent actions, or to provide Blueprint with any other restitutionary relief as the Court deems appropriate.

61.     Blueprint is informed and believes and on that basis alleges that the alleged acts of Theoni were willful and malicious, entitling Blueprint to punitive damages.

## **PRAYER**

WHEREFORE, Blueprint prays:

(a)     For a judgment that Defendants have infringed the claim of Blueprint's 'D018 Patent and Blueprint's Infinity trade dress;

(b)     For an order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity, active concert, or participation with any of them, and their parents, subsidiaries, divisions, successors and assigns, who receive actual notice of the judgment by personal service or otherwise, from further acts of infringement of Blueprint's 'D018 Patent and Blueprint's Infinity trade dress;

(c)     That Defendants be directed to file with this court, within *thirty* days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

(d)     For a judgment awarding Blueprint all damages, in an as yet undetermined amount, adequate to compensate for Defendants' infringement of Blueprint's 'D018 Patent, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(e)     For a judgment awarding Blueprint all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

(f)     For a judgment that Defendants and their officers, agents, distributors, employees, attorneys, subsidiaries, assigns, or related companies, and those in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, be permanently enjoined from using, offering for sale, or employing, directly or indirectly, any device, product, or

the like, that is confusingly similar to, or is likely to confuse or deceive as to the

affiliation, connection, sponsorship, or association of, the chairs, products, or

commercial activities of Defendants with Plaintiff, Plaintiff's Infinity chairs, or with

Plaintiff's commercial activities;

(g)     That an accounting be directed to determine Defendants' profits

resulting from their false designation of origin and affiliation and unfair

competition, which are the subject of this suit, and that such profits be increased

under 15 U.S.C. §1117;

(h)     That Blueprint recover its damages, in an as yet undetermined

amount, resulting from the above-alleged false designation of origin and unfair

competition of Defendants;

(i)     That Blueprint be awarded punitive damages in an amount to be

determined;

(j)     For costs of suit and reasonable attorneys' fees; and

(k)     For any other remedy to which Blueprint may be entitled under

the law, and any other further relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Blueprint requests a trial by jury on all issues so triable in this action.

Respectfully submitted,

Dated:  August 30, 2017

SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP

By */s/ Jesse A. Salen*

Attorney for Plaintiff
BLUEPRINT STUDIOS TRENDS, INC.

-16-